FILED

10 JUL 26 AM 8:28

CLERK, U.S. DISTRICT CT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JOHNSON,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>GEORGE NEOTIT; et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 09-CV-1568 BEN (POR)<br><br>ORDER GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>[Docket No. 24] |

## BACKGROUND

Plaintiff, an inmate at Donovan Correctional Facility and proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging his constitutional rights were violated when Defendants neglected his medical needs after a vehicle accident during transport to and from Alvarado Hospital.

On July 14, 2009, Plaintiff filed his Complaint. (Docket No. 1). On December 29, 2009, Defendants Silva, Akabara, Lipshir and Espinoza filed a Motion to Dismiss the Complaint or Strike Portions Thereof ("Motion to Dismiss"). (Docket No. 11.) After receiving several extensions of time, on May 10, 2010, Plaintiff filed an Opposition to the Motion to Dismiss. (Docket No. 21.)

On July 1, 2010, Magistrate Judge Porter filed a Report and Recommendation recommending that the Court grant the Motion to Dismiss and dismiss the action with leave to amend most claims. (Docket No. 23.) The Report and Recommendation further stated that Plaintiff must file Objections, if any, to the Report and Recommendation no later than July 26, 2010. *Id.*

On July 19, 2010, Plaintiff filed a motion for leave to file an amended complaint or, in the

alternative, an extension of time to file Objections to the Report and Recommendation. (Docket No. 24.) Plaintiff also requested appointment of counsel. *Id.*

For the reasons set forth below, Plaintiff's request for leave to file a First Amended Complaint is **GRANTED**. Plaintiff's request for appointment of counsel is **DENIED**.

## DISCUSSION

### I.   LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure ("FRCP") sets forth a liberal policy in favor of allowing amendment of pleadings. Under FRCP 15, a court may deny a motion to amend only if the plaintiff engaged in dilatory conduct or the proposed amendments would unduly prejudice the defendants. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Factors relevant to this determination include whether there exists: (1) undue prejudice to the opposing party; (2) undue delay; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) bad faith; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Of these factors, "the crucial factor is the resulting prejudice to the opposing party." *Howery v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Applying those factors here, the Court notes that this case is still in its early stages and Plaintiff's request to amend the complaint is the first such request presented to this Court. Additionally, this is not a situation where discovery must be re-opened or conducted at the eleventh hour before trial. Accordingly, the Court finds Defendants would not be unduly prejudiced by the filing of an amended complaint. For the same reasons, the Court finds Plaintiff did not unduly delay seeking leave to amend or fail to cure the deficiencies by amendments previously allowed. There is also no evidence of bad faith.

Turning to the last factor, the Court notes that a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "[F]utility includes the inevitability of a claim's defeat on summary judgment." *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987). Here, Plaintiff does not identify the specific amendments he will make to the Complaint.

Rather, Plaintiff merely states his amended complaint will correct the deficiencies outlined in the Report and Recommendation. (Mot., pg. 3.) Because the Report and Recommendation concerns the deficiency of allegations against Defendants Silva, Akabara, Lipshir and Espinoza, the Court construes Plaintiff's request as seeking amendment of the allegations asserted against these defendants only. Overall, the lack of specificity, however, prevents this Court from determining whether amendment would be futile.

Despite the lack of specificity, in light of the lack of prejudice to Defendants, the Court **GRANTS** Plaintiff leave to file a First Amended Complaint against Defendants Silva, Akabara, Lipshir and Espinoza. Plaintiff must file his First Amended Complaint **no later than September 24, 2010.** Concurrently with the filing of the First Amended Complaint, Plaintiff must serve a copy of the First Amended Complaint on counsel for Defendants Silva, Akabara, Lipshir and Espinoza.

## II. APPOINTMENT OF COUNSEL

The Court **DENIES** Plaintiff's request for appointment of counsel.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. ' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading has survived

1  the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and the Court's docket
2  reflects that Plaintiff has already effected service of the Complaint and summons upon Defendants
3  Silva, Akabara, Lipshir and Espinoza via the U.S. Marshal. See 28 U.S.C. § 1915(d). (Docket Nos.
4  7-10.) Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

## CONCLUSION

As set forth above, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint. Plaintiff is granted leave to file a First Amended Complaint against Defendants Silva, Akabara, Lipshir and Espinoza only. Plaintiff must file such First Amended Complaint **no later than September 24, 2010** and, concurrently therewith, must serve a copy of the First Amended Complaint on counsel for these defendants. This Order renders moot Defendants' Motion to Dismiss, the pending Report and Recommendation, and Plaintiff's request for more time to respond to the Report and Recommendation.

For the reasons set forth above, the Court also **DENIES** Plaintiff's Request for Appointment of Counsel.

**IT IS SO ORDERED**.

Date: July 23, 2010

Hon. Roger T. Benitez
United States District Court Judge