FILED
AUG 0 8 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JOHNSON,<br><br>          Plaintiff,<br><br>vs.<br><br>SILVA, et al.,<br><br>          Defendants. | CASE NO. 09-CV-1568 BEN (POR)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION**<br><br>**(2) DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Docket Nos. 38, 50] |

Plaintiff Leslie Johnson, a state prisoner proceeding *pro se*, filed a First Amended Complaint on December 1, 2010, pursuant to 42 U.S.C. § 1983. (Docket No. 34.) Defendants filed a Motion to Dismiss the First Amended Complaint and/or Strike Portions Thereof on January 14, 2011. (Docket No. 38.) Plaintiff filed an opposition (Docket No. 48), and Defendants filed a reply (Docket No. 49).

Magistrate Judge Louisa S. Porter issued a thoughtful and thorough Report and Recommendation recommending that (1) Defendants' Motion to Strike be denied, and (2) Defendants' Motion to Dismiss be granted in part and denied in part. (Docket No. 50.) Any objections to the Report and Recommendation were due August 5, 2011. None of the parties filed any objections. For the reasons that follow, the Report and Recommendation is **ADOPTED**.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original), *cert denied*, 540 U.S. 900 (2003); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. Accordingly, the Court may deny the Motion to Strike as well as grant in part and deny in part the Motion to Dismiss on this basis alone.

In the absence of any objections, the Court fully **ADOPTS** Judge Porter's Report and Recommendation. Defendants' Motion to Strike Plaintiff's first, second, fourth, and sixth causes of action is **DENIED**. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs is **GRANTED** with leave to amend against Defendants Liptscher and Espinoza, and **DENIED** as to Defendants Akbari and Silva. Defendants' Motion to Dismiss Plaintiff's conspiracy claim is **GRANTED** with leave to amend. Defendants' Motion to Dismiss Plaintiff's breach of contract claim is **GRANTED** with prejudice. Defendants' Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim is **GRANTED** with leave to amend. Defendants' Motion to Dismiss Plaintiff's negligence claim is **DENIED**. Plaintiff is **GRANTED** forty-five (45) days from the date of this Order to file a Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: August __, 2011

HON. ROGER T. BENITEZ
United States District Court Judge